UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND W. LOU,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JP MORGAN CHASE BANK N.A., et al.,<br><br>　　　　Defendants. | Case No. 3:17-cv-04157-WHO<br><br>**ORDER GRANTING CHASE'S MOTION TO DISMISS AND PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW**<br><br>Re: Dkt. Nos. 8, 37 |

## INTRODUCTION

Plaintiff Raymond Lou filed this wrongful foreclosure action in California Superior Court against JPMorgan Chase Bank, N.A. ("Chase"), U.S. Bank Trust, N.A. ("U.S. Bank"), Chase Home Finance LLC, Summit Management Company, LSF9 Master Participating Trust, and Caliber Home Loans, Inc. ("Caliber"), asserting violations of California's Homeowner's Bill of Rights and Unfair Competition Law, and seeking to quiet title. Shortly after defendants removed the action to this court, Chase filed a motion to dismiss the claims against it because it had assigned the loan to U.S. Bank and transferred servicing to Caliber well before initiation of the foreclosure proceedings. Lou fails to address Chase's arguments and includes no allegations that Chase has any interest in his loan or was involved in its servicing at the time of default. Chase's motion is GRANTED. Because these deficiencies cannot be resolved with amendment, his claims against Chase are DISMISSED WITH PREJUDICE.

Lou's counsel has since filed a motion to withdraw as attorney because there has been a breach of the retainer agreement and a "complete breakdown in communications[.]" Artinian Decl. ¶ 2. The motion and declaration were served on Lou, as well as defense counsel. No opposition has been filed. I GRANT conditional withdrawal in accordance with Civil Local Rule

1   11-5(b). Papers may continue to be served on counsel for forwarding purposes unless and until
2   the client appears by other counsel or pro se. Counsel shall notify Lou of this condition.

These matters are appropriate for resolution without argument and the hearings are VACATED. Civil L. R. 7-1(b).

# BACKGROUND

## I. FACTUAL BACKGROUND

In November 2006, Lou obtained a $650,000 mortgage loan from JPMorgan Chase Bank, N.A. ("Chase") secured by a Deed of Trust ("DOT") against the real property located at 3237 Montevideo Drive, San Ramon, California, 94583. Compl. ¶ 15 (Dkt. No. 1-1 at 8); *see* DOT (Compl., Ex. A; Dkt. No. 1-1 at 19). The DOT authorizes the lender (Chase) to sell the borrower's loan without prior notice, and it grants the transferee the power to enforce the associated promissory note and DOT. DOT ¶ 20 (Dkt. No. 1-1 at 29).

In December 2014, Chase assigned "all beneficial interest" in the DOT to U.S. Bank Trust, N.A. ("US Bank"), as trustee for LSF9 Master Participation Trust ("the Trust"). Compl. ¶ 18; *see* Assignment of DOT (Compl., Ex. C; Dkt. No. 1-1 at 42). In 2015, Chase substituted Summit Management Company LLC ("Summit") as the foreclosure trustee. Compl. ¶ 19; Substitution of Trustee (Compl., Ex. D; Dkt. No. 1-1 at 46).

In January 2017, Caliber commenced foreclosure proceedings against the property by recording a Notice of Default ("NOD") with the Contra Costa County Recorder. Compl. ¶ 20; NOD (Compl., Ex. E; Dkt. No. 1-1 at 49). The NOD indicated that Lou had defaulted on his loan payments starting in September 2016, with a defaulted amount of $9,682.16 as of January 6, 2017. NOD (Dkt. No. 1-1 at 49–50). In April 2017, a Notice of Trustee's Sale ("NOTS") was recorded, and in May Summit foreclosed the property. Compl. ¶ 22.

## II. PROCEDURAL HISTORY

On June 21, 2017, Lou filed this action in California Superior Court against Chase, Caliber, U.S. Bank, the Trust, and Summit.[1] *See* Compl. He alleges that all defendants violated

---
[1] Lou also named Chase Home Finance LLC, to which Chase is the successor-by-merger.

2

1  the Homeowner's Bill of Rights, specifically California Civil Code sections 2923.55 and

2  2924.12(b), and that all defendants violated California' Unfair Competition Law ("UCL"), Bus. &

3  Prof. Code § 17200, et seq., and he seeks to quiet title against Chase.  *See generally* Compl.

4  On July 21, 2017, defendant Caliber removed the action to federal court.  *See* Notice of

5  Removal (Dkt. No. 1).

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted.  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  There must be "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level."  *See Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff.  *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *See In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."  *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).  In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment."  *See*

*Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir.1989).

## DISCUSSION

Chase argues that Lou fails to allege Chase's involvement in the foreclosure, and fails to state viable claims for violation of the HBOR and UCL, and for quiet title. Mot. to Dismiss ("MTD")(Dkt. No. 8). In opposition, Lou does not address any of Chase's arguments. Opp'n (Dkt. No. 35). Courts have found that a failure to oppose an argument serves as a concession. *E.g.*, *Marziano v. Cty. of Marin*, No. C-10-2740 EMC, 2010 U.S. Dist. LEXIS 109595, at *10 (N.D. Cal. Oct. 4, 2010)("[T]he Court views Ms. Marziano's failure to oppose the argument as a concession that the … claim should be dismissed."); *Hall v. Mortg. Inv'rs Grp.*, No. 2:11-CV-00952-JAM-GGH, 2011 U.S. Dist. LEXIS 105999, at *15-16 (E.D. Cal. Sep. 16, 2011) ("Plaintiff's failure to oppose Defendants' Motion to Dismiss on this basis serves as a concession that his claim is time-barred. Accordingly, Plaintiff's claim … is dismissed with prejudice.").

But even if he had attempted to address Chase's arguments, he could provide no basis for keeping Chase in this action. Lou affirms, as alleged in his complaint, that U.S. Bank, Caliber, and Summit instituted the foreclosure proceedings, and that Chase assigned its interest in the loan to U.S. Bank, as trustee for the Trust. *See* Opp'n at 2–3. Because Lou has failed to allege Chase's involvement in the foreclosure, his claims against Chase under the HBOR must be dismissed. He likewise fails to allege any acts by Chase that would support his claim under the UCL. And he brought his quiet title claim against Chase, but the factual allegations and argument are directed towards the Trust.

## CONCLUSION

In accordance with the forgoing, Lou's complaint against Chase is DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated: February 26, 2018

William H. Orrick
United States District Judge

4